UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN NOSEWORTHY,

    Plaintiff,

v.                                          Case No.:  8:22-cv-2628-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

Plaintiff John Noseworthy seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits and for supplemental security income benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

## B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

**C.     Procedural History**

On May 27, 2020, Plaintiff applied for a period of disability and disability insurance benefits and for supplemental security income, alleging disability beginning on September 30, 2017. (Tr. 115, 116, 248-61). The applications were

denied initially and on reconsideration. (Tr. 115, 116, 139, 140). Plaintiff requested a hearing and on January 21, 2022, a hearing was held before Administrative Law Judge Gonzalo Vallecillo ("ALJ"). (Tr. 43-70). On March 14, 2022, the ALJ entered a decision finding Plaintiff not under a disability from September 30, 2017, through the date of the decision. (Tr. 16-37).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on September 26, 2022. (Tr. 1-6). Plaintiff began this action by Complaint (Doc. 1) filed on November 16, 2022, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 14).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2023. (Tr. 18). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 30, 2017, the alleged onset date. (Tr. 18). The ALJ noted that Plaintiff worked after the alleged disability onset date, but this work activity did not rise to the level of substantial gainful employment. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: "cardiac dysrhythmias, degenerative disc disease of the lumbar spine, heart failure, learning disorder, borderline intellectual functioning, and neurocognitive disorder." (Tr. 19).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) with the following specific limitations: The claimant can lift and/or carry twenty pounds occasionally and ten pounds frequently. He can stand and/or walk six hours in an eight-hour workday and sit six hours in an eight-hour workday. The claimant may never climb ladders/ropes/scaffolds, but he can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant must avoid even moderate exposure to hazards. The claimant is able to understand, carry out, and remember simple, routine, and repetitive tasks; involving only simple, work-related decisions with the ability to adapt to routine workplace changes. The claimant would be off-task five (5%) percent of the day and miss one workday per quarter.

(Tr. 23-24).

At step four, the ALJ determined that Plaintiff could perform his past relevant work as a cafeteria attendant, as actually performed by Plaintiff and as generally performed in the national economy. (Tr. 34-35). The ALJ also found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 34).

Alternatively, the ALJ proceeded to step five of the sequential evaluation process and found that considering Plaintiff's age (50 years old on the alleged disability onset date), education (at least high school), work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 35-36). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

(1) Marker, DOT 209.587-034, light, unskilled, SVP 2[1]

(2) Router, DOT 222.587-038, light, unskilled, SVP 2

(3) Photocopy machine operator, DOT 207.685-014, light, unskilled, SVP 2

(Tr. 35-36). The ALJ concluded that Plaintiff had not been under a disability from September 30, 2017, through the date of the decision. (Tr. 37).

## II.   Analysis

On appeal, Plaintiff raises three issues:

(1) Whether the ALJ considered the entire record when forming the RFC;

(2) Whether the job coach and employer's opinions were entitled to more deference; and

(3) Whether the ALJ properly evaluated the opinion of Dr. Ellen Suarez-Pinzas.

(Doc. 18, p. 13, 18).

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

### A.     RFC Determination

Plaintiff argues that the ALJ disregarded records from the time Plaintiff was in school when assessing Plaintiff's RFC. (Doc. 18, p. 15). Plaintiff claims that these records show that his conditions were neurological in nature and existed since at least preschool. (Doc. 18, p. 15). Plaintiff also claims that the conclusions in these records about his abilities in school "are certainly relevant to how he would perform as an adult." (Doc. 18, p. 15). These records were compiled in 1979 when Plaintiff was 12 years old, and in 1984 and 1985 when Plaintiff was 17 years old. (Doc. 18, p. 16-17; Tr. 408, 415, 428, 431, 434, 462, 483). To be clear, Plaintiff was 50 years old on the alleged disability onset date, so these prior records were completed over 30 years before the alleged disability onset date . (Tr. 35).

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts

and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*.

The task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007). That said, an ALJ may not "'may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.'" *Williams v. Barnhart*, 140 F. App'x 932, 934 (11th Cir. 2005) (quoting *Marbury v. Sullivan*, 957 F.2d 837, 840–41 (11th Cir.1992)). But an ALJ can reject a physician's opinion when the evidence supports a contrary conclusion. *Id.* Indeed, while an ALJ may not make medical findings, an ALJ has the responsibility to resolve conflicting medical opinions. *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016).

Plaintiff argues that the ALJ erred in not considering evaluations from when he was in school over 30 years before the alleged disability onset date. The issue is whether these school records are relevant evidence. They are not.

At the hearing, Plaintiff's counsel discussed these school records. (Tr. 47). The ALJ noted that Plaintiff graduated high school with a special diploma after being in special education classes. (Tr. 25). Thus, the ALJ considered at least some of his education records.

More importantly, the ALJ thoroughly considered the relevant medical evidence, which included psychological evaluations of Paul Suich, Ph.D. conducted in June 2018, Nicholas Gehle, Psy.D. conducted in August 2018, Binny Singh, Psy.D. conducted in July 2019, and Ellen Suarez-Pinzas conducted in December 2020, as well as other medical providers' records. (Tr. 25-32). The ALJ summarized the findings of all of these medical providers in great detail. (Tr. 25-28). Some of these providers conducted extensive testing on Plaintiff. (Tr. 27). The ALJ found the opinions of Dr. Gehle, Dr. Singh, and Dr. Suarez-Pinas persuasive and included limitations in the RFC that mirror some of their findings. The ALJ based the RFC assessment on substantial and chronologically relevant medical evidence. Plaintiff has not shown that records from over 30 years old ago were relevant to the RFC assessment. Thus, substantial evidence supports the ALJ's RFC assessment.

### B.   Opinions of a Job Coach and an Employer

The record included a statement from Plaintiff's job coach, Eddie Lake, who helped Plaintiff obtain and maintain his part-time job, and a statement from his present employer, Frances Hadley-Ervin of Hadley's Early Education LLC. (Tr. 290, 384-386). Plaintiff acknowledges that these statements are considered non-medical evidence under the new regulations, but argues the ALJ should have given more weight to these statements. (Doc. 18, p. 18, 20).

Under the regulations, evidence from non-medical sources, such as job coaches and employers, may be received into the administrative record. 20 C.F.R. §§ 404.1513(a)(4), 416.913(a)(4). But the ALJ is "not required to articulate how [he] considered evidence from nonmedical sources using" the persuasiveness factors. 20 C.F.R. §§ 404.1520c(d), 416.920c(d).

In the decision, the ALJ considered the third-party statements of Plaintiff's job coach, Eddie Lake, and the Director at Plaintiff's place of employment, Frances Hadley-Ervin. (Tr. 33). Citing the regulations, the ALJ recognized that he was not required to articulate how this evidence was considered in terms of persuasiveness being that both are from nonmedical sources. (Tr. 33). Still, the ALJ found that these types of statements "can generally be helpful in making findings regarding the claimant's ability to complete activities of daily living; maintain concentration, attention, and pace; engage in social activities; adapt and manage oneself, and function in general." (Tr. 33). The ALJ also found that while Mr. Lake is trained as an employment specialist, neither he nor Ms. Hadley-Ervin:

> are trained to make exacting observations as to dates, frequencies, types and degrees of medical/psychological signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms. Moreover, by virtue of their relationship with the claimant, they cannot be considered disinterested third[-]party witnesses whose reports would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges. Nevertheless, to the extent that they are consistent with the objective evidence, I have considered these

> statements when determining the claimant's residual functional capacity.

(Tr. 33). Thus, the ALJ carefully considered the statements from Plaintiff's job coach and employer in assessing Plaintiff's RFC, and was under no obligation to afford "more weight" as Plaintiff requests to these nonmedical source statements. (*See*, Doc. 18, p. 20). Substantial evidence supports the ALJ's assessment of these statements.

### C. Ellen Suarez-Pinzas, Psy.D's Opinion

Plaintiff contends that while the ALJ found Dr. Suarez-Pinzas's opinion persuasive, he "completely ignored" her conclusion that "[c]urrently, claimant's mental health symptoms appear to be significantly hindering his ability to seek out and maintain gainful employment." (Doc. 18, p. 21-22; Tr. 1094). Plaintiff also argues that the ALJ failed to consider that Dr. Suarez-Pinzas found Plaintiff's prognosis guarded "as [his] limitations appear to be long-standing and are not likely to change with treatment or time." (Doc. 18, p. 22; Tr. 1094). Plaintiff claims that the ALJ did not address these findings, assign any weight to them, nor did he reject them. (Doc. 18, p. 22). Plaintiff claims the court is left to speculate on the reasons why the ALJ did not consider these opinions. (Doc. 18, p. 22).

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an

ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the

revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

The first step is to determine whether Dr. Suarez-Pinzas's statements constituted medical opinions or other medical evidence under the regulations. Dr. Suarez-Pinzas determined that Plaintiff's mental health symptoms significantly hindered his ability to seek and maintain gainful employment, and his prognosis was guarded as his limitations appear to be long-standing and were not likely to change

with treatment or time. A medical opinion is a statement of what a plaintiff can still do despite his impairments and whether his impairment-related limitations restrict his abilities to, among other things: perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting. 20 C.F.R. §§ 404.1513(a)(2)(ii); 416.913(2)(i)(B).

Dr. Suarez-Pinzas's statements that Plaintiff's current mental health symptoms appeared to significantly hinder his ability to seek and maintain employment, and his prognosis was guarded as his long-standing limitations were not likely to change with treatment or time do not constitute medical opinions under the regulation framework. These statement do not explain Plaintiff's limitations and functional abilities to perform mental demands of work. And so they constitute other medical evidence. As a result, an ALJ need not consider them under the persuasiveness framework for medical opinions and may disregard these types of statements. *See Acosta v. Comm'r of Soc. Sec.*, No. 8:21-cv-306-MSS-TGW, 2023 WL 6940259, at \*2 (M.D. Fla. Mar. 20, 2023) (citing *James W. v. Comm'r of Soc. Sec.*, No. 3:20-cv-00116, 2022 WL 17078899, at \*10 (N.D. Ga. Mar. 29, 2022) (finding a physician's statements will constitute a medical opinion if the statements address a plaintiff's limitations and functional abilities to work, but if not, an administrative law judge may disregard other statements by a physician). Here, the

ALJ properly considered the supportability and consistency of Dr. Suarez-Pinzas's medical opinions and was not required to evaluate her other statements that did not constitute medical opinions. Substantial evidence supports the ALJ's consideration of Dr. Suarez-Pinzas's psychological evaluation of Plaintiff.

### III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on February 15, 2024.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties